**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **SHATORIA KIERRA PITTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-348 (MTT)** |
| | ) | |
| **Judge PAMELA WHITE COLBERT,** | ) | |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On August 19, 2025, Plaintiff Shatoria Kierra Pitts, proceeding pro se, filed her

complaint against Judge Pamela White Colbert, Clerk Erica Woodford, attorney

Kaniesha Hendricks, and the Macon-Bibb County Magistrate Court.[1]  ECF 1. That day,

Pitts also moved to proceed *in forma pauperis* ("IFP"). ECF 2. On August 25, 2025, Pitts

moved for a temporary restraining order and for a preliminary injunction. ECF 4; 5. On

September 29, 2025, Pitts moved for default judgment. ECF 12. For the following

reasons, Pitts' motion to proceed IFP (ECF 2) is **GRANTED,** and her motions for a

temporary restraining order (ECF 4), for a preliminary injunction (ECF 5), and for default

judgment[2] (ECF 12) are **DENIED**. Further, the Court concludes after conducting a

---

[1] In several of her filings, including her civil cover sheet, Pitts refers to the Bibb County Courthouse as a defendant. *E.g.,* ECF 1-1 at 1. However, in her complaint, Pitts does not name the Bibb County Courthouse as a defendant or make any factual allegations regarding that claim. ECF 1. At any rate, a courthouse is not an entity that can be sued. Therefore, Bibb County Courthouse is **TERMINATED.** *See Williams v. Monroe Cnty. DA*, 702 F. App'x 812, 813 (11th Cir. 2017) ("The district court did not err by dismissing … claims against [ ] the Courthouse … which is a building.").

[2] In her "motion for default judgment," Pitts does not request default judgment against the defendants. ECF 12 at 1-2. Rather, Pitts attempts to impose a three-day deadline for the defendants' "Repentance, Restoration, and Compliance under God's Law." ECF 12 at 1. At any rate, as explained to Pitts by the Clerk of Court after she applied for the entry of default on August 29, 2025, the defendants have not yet

preliminary screening of Pitts' complaint that her claims against Judge Colbert and the Macon-Bibb County Magistrate Court are barred by immunity, and those claims are **DISMISSED**. Finally, Pitts' complaint lacks important information regarding her claims against Clerk Woodford and Hendricks that Pitts may have omitted due to her pro se status. Thus, the Court **ORDERS** Pitts to amend her complaint as to her claims against Clerk Woodford and Hendrix by **March 6, 2026**.

## I. BACKGROUND

As best the Court can tell, Pitts' claims arise out of an eviction notice Pitts received on July 1, 2025. ECF 1 at 1. Pitts alleges that the defendants "conducted a hearing without proper notice, depriving Plaintiff of due process." *Id.* She also alleges that the defendants failed to "record, file, honor, or return" bills of exchange that Pitts allegedly tendered "in settlement and discharge of obligations." *Id.* Finally, Pitts alleges that the defendants ignored other instruments she filed, including affidavits, invoices, declarations, financing statements, trust certificates, land patents, allodial titles, and notices of revocation of power of attorney. *Id.* at 2. Pitts contends that the defendants' failure to respond to or rebut the filed instruments constitutes acquiescence, agreement, and default to the terms of those instruments. *Id.* Pitts asserts six claims: (1) violation of due process against all defendants; (2) breach of clerk's duty against Clerk Woodford; (3) breach of judicial oath against Judge Colbert; (4) fraud in commerce against all defendants; (5) trespass against trust property against all defendants; and (6) default judgment. *Id.* at 2-3. Pitts also filed a supplement to her complaint on August 27, 2025,

---

been served and have not defaulted. ECG 3; s*ee* Fed. R. Civ. P. 55(a). Any relief requested in Pitts' motion for default judgment (ECF 12) is **DENIED**.

in which she asserts a claim under the Federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961–1968. ECF 6. Pitts seeks over $200,000,000 in damages; the return of all bonds, securities, and instruments attached to her and her "estate"[3]; a declaratory judgment; and injunctive relief against all defendants. *Id.* at 3.

## II. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[4]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show she is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and

---

[3] Pitts filed an "allodial title and affidavit of ownership" as an exhibit to her complaint, which states that Pitts is the trustee of the "Tory Katt Royal Trust" and that she is entitled to land located in Lizella, Georgia. ECF 1-12 at 3. It is unclear if that is the same property related to the eviction proceedings at issue in her complaint. However, it appears that Pitts attempted to assert ownership of the property from which she was evicted in the state court by filing documents similar to the allodial title and affidavit of ownership filed with this Court. *See* ECF 1 at 2 ("Plaintiff served … trust certificates, land patents, [and] allodial titles."

[4] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether [s]he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Court has reviewed Pitts' IFP affidavit. Pitts' affidavit establishes that she cannot pay the court fees without undue hardship. ECF 2. Thus, Pitts' motion to proceed IFP (ECF 2) is **GRANTED**.

## B. Motions for a Temporary Restraining Order and Preliminary Injunction

Pitts has also moved for a temporary restraining order ("TRO") and a preliminary injunction.[5] ECF 4; 5. To obtain a TRO or a preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would

---

[5] In the captions of her motions for a TRO and a preliminary injunction, Pitts names herself as the defendant and Nashera Pitts as the plaintiff. ECF 4 at 1; 5 at 1. Nashera Pitts is not named as a party to this action, and, of course, Shatoria Pitts is the plaintiff, not the defendant. However, given Pitts' pro se status, the Court construes these motions as motions for a TRO and a preliminary injunction against Judge Colbert, Clerk Woodford, Hendricks, and the Macon-Bibb County Magistrate Court.

not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schavio*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Id.*

Here, Pitts is not entitled to a TRO or a preliminary injunction because she fails to demonstrate a substantial likelihood of success on the merits. As explained below, the only defendants not clearly immune from suit are Clerk Woodford and Hendrix. And Pitts' allegations against Clerk Woodford and Hendrix are threadbare and do not state a claim for relief as pled. *See* ECF 1 at 1-2. As evidence of a substantial likelihood of success, Pitts contends that she received only four days' notice of her eviction and that she was never served with a summons or a complaint. ECF 5 at 1. However, Pitts does not explain how Clerk Woodford and/or Hendrix are responsible for her late notice or the alleged lack of service of the complaint. Nor does she provide specific authority authorizing her requested relief. Thus, Pitts has failed to demonstrate a substantial likelihood of success on the merits.

Accordingly, Pitts' motions for a TRO (ECF 4) and for a preliminary injunction (ECF 5) are **DENIED**.

## C. Frivolity Review

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court

determines that the complaint (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[6] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Pitts is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

First, the Macon-Bibb County Magistrate Court is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment generally provides a nonconsenting state with immunity from suit brought by a private individual in federal court. U.S. Const. Amend. XI; *Alden v. Maine*, 527 U.S. 706, 712-30 (1999). "The Eleventh Amendment extends to state agencies and other arms of the state." *Schloper v. Bliss*,

---

[6] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

903 F.3d 1373, 1378 (11th Cir. 1990). The Eleventh Circuit has held that "actions against state courts and state bars" are barred by Eleventh Amendment Immunity. *Kaimowitz v. The Florida Bar*, 996 F.2d 1151 (11th Cir. 1993); *see Stegeman v. Georgia*, 290 F. App'x 320, 322 (11th Cir. 2008) ("[The plaintiff's] claims against the Superior Court and the DeKalb County Probate Court are barred by the Eleventh Amendment."). The Macon-Bibb County Magistrate Court is, therefore, immune from suit under the Eleventh Amendment. Accordingly, Pitts' claims against the Macon-Bibb County Magistrate Court are **DISMISSED**.[7]

Second, Judge Colbert is entitled to absolute immunity. Judges are entitled to absolute judicial immunity from liability for acts performed while acting in their judicial capacities. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Judicial immunity applies to all judicial acts, even if such acts are alleged to be in error, malicious, or in excess of the judge's authority, unless done in the clear absence of all jurisdiction. *Id.* at 1239; *see Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005).

---

[7] "[W]hile a district court generally must give a pro se plaintiff at least one chance to amend his complaint before dismissing the action *with prejudice*, it need not grant leave to amend when 'a more carefully drafted complaint could not state a claim.'" *Rice v. Chief Exam'r*, 2025 WL 1743708 (11th Cir. June 24, 2025) (emphasis added) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)); *see Anderson v. Fulton Cty. Gov't*, 485 F. App'x 394 (11th Cir. 2012) (affirming dismissal of a pro se plaintiff's claims as frivolous).

Here, Pitts alleges that the defendants posted an eviction notice on her door, conducted a hearing without proper notice, and ignored notices and other instruments filed by Pitts. ECF 1 at 2. Pitts' factual allegations refer to the defendants collectively, which makes it difficult to determine what Judge Colbert did or did not do. *See* ECF 1 at 1-2. However, assuming that each of Pitts' factual allegations applies to Judge Colbert, the alleged actions of holding hearings, sending notices, and authorizing evictions were clearly made in Judge Colbert's judicial capacity. Thus, Judge Colbert is entitled to absolute judicial immunity, and Pitts' claims against Judge Colbert are **DISMISSED.**

That leaves only Pitts' claims for violation of due process, fraud in commerce, trespass against trust property, default judgment, and a RICO violation against Clerk Woodford and Hendrix. ECF 1 at 2. Again, Pitts' allegations against Clerk Woodford and Hendrix are thin. In fact, Pitts fails to allege *any* facts explaining how Hendrix is connected to this action, or what Hendrix did to violate Pitts' rights. *Id.* And for many of her claims, Pitts fails to identify a source of legal authority that entitles her to relief. Moreover, it appears that Pitts' claims against Clerk Woodford may be barred by quasi-judicial immunity.

However, given Pitts' pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims against Clerk Woodford and Hendrix. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Pitts is **ORDERED** to amend her complaint to include all facts relating to her claims against Clerk Woodford and Hendrix that she wishes to make part of these proceedings, and to cite the appropriate statutory or constitutional authority for bringing her claims. Pitts shall have until **March 6, 2026,** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Pitts must link any claims she makes to either Clerk Woodford or Hendrix. If Pitts fails to link either defendant to a claim, the claim will be dismissed; if Pitts makes no allegations in the body of her complaint against either defendant, that defendant will be removed from the action.

Pitts must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Pitts list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Pitts injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Pitts' original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Pitts may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271,

1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

**D. Fed. R. Civ. P. 11 Obligations**

The Court informs Pitts of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Pitts' representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

**E. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Pitts in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Pitts' amended complaint, Pitts shall include a signed statement fully disclosing the use of AI to assist in the preparation of and**

-10-

**drafting of the pleading. The statement shall also certify that Pitts has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

### III. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Pitts' motion to proceed IFP (ECF 2) is **GRANTED,** her motions for a TRO (ECF 4) and a preliminary injunction (ECF 5) are **DENIED,** and her motion for default judgment (ECF 12) is **DENIED**.

After a preliminary screening, the Court concludes that Pitts' claims against Judge Colbert and the Bibb-County Magistrate Court are barred by immunity and, therefore, those claims are **DISMISSED**. Additionally, Pitts has failed to state a claim against Clerk Woodford and Hendrix. However, because of the leniency afforded to pro se litigants, Pitts is **ORDERED** to amend her complaint by **March 6, 2026**. Pitts' amended complaint shall address only her claims against Clerk Woodford and Hendrix.

**SO ORDERED**, this 20th day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-11-