**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **SHATORIA KIERRA PITTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-348 (MTT)** |
| | ) | |
| **ERICA L. WOODFORD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

On February 20, 2026, the Court granted Plaintiff Shatoria Kierra Pitts' motion to proceed *in forma pauperis* ("IFP") and ordered her to recast her complaint to address deficiencies in her claims against Clerk Erica L. Woodford and Deputy Clerk Keniesha Hendrix of the Bibb County Superior Court.[1] ECF 13. Pitts filed her first amended complaint on March 5, 2026. ECF 14. On March 10, 2026, Pitts moved to amend her complaint to add a second plaintiff, Travis Finnell. ECF 15. The Court granted Pitts' motion to amend but ordered Finnell to move to proceed IFP if he wished to remain a plaintiff in this action. ECF 16. Finnell moved for leave to proceed IFP on March 24, 2026, but he failed to use the required form or include financial information for the Court to determine whether he could afford the filing fee. ECF 18. Thus, the Court denied his motion to proceed IFP without prejudice and ordered him to re-file his motion using the proper form by April 21, 2026. ECF 19. The time for compliance passed without a response from Finnell. Thus, on April 27, 2026, the Court dismissed any claims

---

[1] In its February 20, 2026 Order, the Court also dismissed Pitts' claims against Judge Pamela Colbert White, the Bibb County Courthouse, and the Macon-Bibb County Magistrate Court. *See* ECF 13.

asserted by Finnell and ordered Pitts to file a third amended complaint by May 11, 2026. ECF 20. Pitts filed her third amended complaint on May 6, 2026. ECF 21.

Because Pitts is proceeding IFP, the Court must screen and dismiss her third amended complaint if: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal citation omitted). "A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Because Pitts is proceeding pro se, her pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

## I.  BACKGROUND

During the relevant time, Pitts was a resident at 6045 Bloomfield Road in Macon, Georgia. ECF 21 ¶ 6. Pitts was involved in an eviction proceeding, in which she

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

submitted documents to the Bibb County Superior Court Clerk's Office by mail. *Id.* ¶ 20. According to Pitts, "the clerk's office returned the filings rather than placing them into the record." *Id.* ¶ 22. Pitts alleges the clerk's office refused to file the submitted documents and did not provide a lawful explanation for the refusal. *Id.* ¶¶ 23-26.

On July 21, 2025, Pitts allegedly received a notice of a hearing scheduled for that same day. *Id.* ¶ 27. Pitts was unable to attend the hearing due to the timing of the notice and, therefore, did not defend herself in the hearing. *Id.* ¶¶ 29-30. After the hearing, the court entered judgment, and a writ of possession was issued on or about August 14, 2025. *Id.* ¶ 30. Pitts later received a notice to vacate, which she again alleges was untimely. *Id.* ¶ 34. Pitts was evicted from the property on September 3, 2025, and she alleges that no signed order was shown and her belongings were removed, damaged, or lost. *Id.* ¶¶ 36-40. As a result, Pitts alleges she has "suffered homelessness, emotional distress, and financial hardship following the eviction." *Id.* ¶ 41.

Pitts asserts five claims against Erica Woodford, the Bibb County Superior Court Clerk of Court, and Kaniesha Hendrix, a Deputy Clerk: (1) denial of access to courts; (2) due process violation; (3) unlawful seizure; (4) failure to perform ministerial duties; and (5) civil rights violations. *Id.* ¶¶ 44-62. Pitts seeks the following relief: a declaration that the Defendants violated her constitutional rights; an injunction requiring the production of all returned filings, registry ledgers, deposit records, and disbursement records related to the eviction matter; compensatory damages; punitive damages; and costs. *Id.* at 9.

## II.  DISCUSSION

After conducting a frivolity review, the Court determines that Pitts' claims for damages are barred by quasi-judicial immunity. Further, to the extent she seeks injunctive relief, Pitts lacks standing to bring such claims.

### A.  Immunity

First, Pitts' claims for damages against Woodford and Hendrix are barred by absolute quasi-judicial immunity. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *Jenkins v. Clerk of Court,* 150 F. App'x 988, 990 (11th Cir. 2005). "Nonjudicial officials are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (citation modified).

Here, Pitts claims she was sent untimely notices and that her proposed filings were rejected. Sending notices and managing a court docket are clearly functions intimately related to the judicial process. *See Wilson v. Coile,* 2022 WL 2308406 (M.D. Ga. June 27, 2022) ("Processing court filings … are undoubtedly within a clerk's official duties and integrally related to the judicial process."); *Grant v. Countrywide Home Loans, Inc.*, 2009 WL 1437566, at *6 (N.D. Ga May 20, 2009) (finding quasi-judicial immunity barred plaintiff's claims that a clerk "improperly placed the underlying action on a peremptory calendar, that he tried to prevent [the plaintiff] from appearing at the hearing, and that he refused to give [the Judge] documents related to [the plaintiff's] suit."). Accordingly, Pitts' claims for damages against Woodford and Hendrix are **DISMISSED without prejudice**.

## B. Injunctive Relief

Quasi-judicial immunity does not shield Woodford and Hendrix from claims for injunctive relief. *See Fuqua v. Pridgen*, 2013 WL 3938517, at *23 (M.D. Ga July 30, 2013) ("Absolute quasi-judicial immunity does not apply to claims for declaratory and injunctive relief."). Here, Pitts seeks an order requiring the production of all returned filings, registry ledgers, deposit records, and disbursement records related to her eviction matter. ECF 21 at 9. She has asserted claims of denial of access to courts, due process, unlawful seizure, failure to perform ministerial duties, and civil rights violations. *Id.* ¶¶ 44-62. Pitts has not alleged sufficient facts to confer standing to seek injunctive relief.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without jurisdiction, the court is powerless to continue." *Id.* "Standing is a jurisdictional inquiry, and a 'party invoking federal jurisdiction bears the burden' of establishing that he has standing to sue." *American Civil Liberties Union of Fla., Inc. v. Dixi Cnty., Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To establish Article III standing, "a plaintiff must demonstrate (1) an injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the defendant's actions; and (3) that 'the injury will be redressed by a favorable decision.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). "And 'because injunctions regulate future conduct, a party has standing to seek injunctive relief' only if his injury in fact is 'a real

and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury.'" *Williams v. Reckitt Benckiser, LLC*, 65 F.4th 1243, 1253 (11th Cir. 2023) (citation modified).

Judgment has been entered in Pitts' 2025 eviction proceedings. ECF 21 ¶ 31. And Pitts does not allege any facts that suggest she is involved in current proceedings that would require contact with either defendant. Thus, there is no real and immediate threat that the injuries asserted in Pitts' complaint will occur in the future. Moreover, Pitts has not established that her injuries are redressable by her requested relief. Pitts requests "[a]n order requiring production of all returned filings" and the "[p]roduction of all registry ledgers, deposit records, and disbursement records related to the eviction matter." ECF 21 at 10. The production of documents and records relating to her now-closed eviction proceedings will not redress her alleged constitutional injuries. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 109 (1998) ("Because respondent alleges only past infractions …, and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury.") Thus, Pitts lacks standing to seek injunctive relief.

Accordingly, Pitts' claims for injunctive relief are **DISMISSED without prejudice**.

### III. CONCLUSION

Pitts' claims for damages against Woodford and Hendrix are barred by quasi-judicial immunity, and Pitts lacks standing to seek injunctive relief. Accordingly, Pitts' complaint is **DISMISSED without prejudice**.

-7-

**SO ORDERED**, this 2nd day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT